Shauck, O. J.
The conclusion of the circuit court is said to be justified by Comer v. Knowles, 17 Kas., 436. With respect to that case it is to be observed that it is not decisive of anything except the particular case, since the judgment of the trial court was affirmed because of an equal division of the judges of the supreme court; and, further, that the question presented here was not involved in that case nor considered by the court. The two questions there considered were: First, may the defendant in an action of this character, for the purpose of mitigating damages, introduce evidence to show that in committing the act complained of he acted in good faith and without malice? Second, may the plaintiff in an action of this character recover for an injury to reputation without pleading facts showing-pecuniary loss in consequence of injury to his reputation?
If injury to the reputation of the defendant in error here would not otherwise have been a ground of recovery, it became a ground by reason of the averments of his petition in that regard. In the absence of evidence upon the subject the jury would have been left to the legal presumption that his reputation was as good as that of men in general, and their verdict would, in that regard, have awarded him such damages as a like imprisonment would have made proper in the case of one of good reputation. It would seem reasonable that whatever is the subject of *139 an injury for which, a recovery in damages is sought should be the subject of inquiry in the ascertainment of such damages. The evidence admitted by the trial court has been held competent in many similar cases. Bacon v. Towne et al., 4 Cush., 217; Fitzgibbon v. Brown, 43 Me., 189; Gregory v. Chambers, 78 Mo., 294. It will not follow that a plaintiff, because his reputation is bad, will be denied a recovery'for all the damages which he really sustained in consequence of a trespass of this nature. The legitimate effect of such evidence is to deny him a recovery on account of an injury which he has specially alleged but did not sustain. The effect of the evidence was properly and discreetly limited by the instruction given by the trial judge.

Judgment of the circuit court re-v&rsed and that of the common pleas affirmed.